**FORM TO BE ~~USED~~ A PRISONER IN FILING ~~A~~ CIVIL RIGHTS COMPLAINT**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Reg No# 37461-118  1a-120
**(Inmate Number)**

                                          :
Douglas Henry. Thornton                   :
**(Name of Plaintiff)**                   :
                                          :
                                          :            _____
United States Penitentiary Allenwood      :            **(Case Number)**
**(Address of Plaintiff)**                :
                                          :
P.O. Box 3500 White Deer, 17887           :
                                          :            **COMPLAINT**
            **vs.**                       :
                                          :
Mr. Lindsey Associate Warden              :
                                          :
Mis T. Morin SIS. Lieutenant              :
                                          :
Mr. D. Emory. DHO, unknown officers       :
**(Names of Defendants)**                 :

TO BE FILED UNDER: _____ 42 U.S.C. § 1983 - STATE OFFICIALS

                   ✓ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I.    **Previous Lawsuits**

   A.    If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

   Douglas Henry. Thornton V. D. Rominey, Warden

   Civil Case. No# 1: CV-00-1255, United States District Court

   middle District Pennsylvania Filed July 18, 2000

   Assigned to United States District Court Judge Yuette Kane

II.   **Exhaustion of Administrative Remedies**

   A.    Is there a grievance procedure available at your institution?
         ✓ Yes ____ No

   B.    Have you filed a grievance concerning the facts relating to this complaint?
         ✓ Yes ____ No

         If your answer is no, explain why not  I have not received answers to

   Some grievance I filed on this matter see attached receipt

   C.    Is the grievance process completed? ✓ Yes ____ No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official positi
the second blank, and his/her place of employment in the third blank. Use Item B for the na
positions and places of employment of any additional defendants.)

A.    Defendant mr. Lindsey _____ is empl

as Associate Warden _____ at United States Penitentiary Lewisburg

B.    Additional defendants Mrs. J. Morin is a SIS Lieutenant at the

united states Penitentiary Lewisburg Pa. Mr. D. Emory

is the Disciplinary hearing officer at United States

Penitentiary Lewisburg Pa and unknown Officers

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is invo
including dates and places. Do not give any legal arguments or cite any cases or statutes. A
extra sheets if necessary.)

1.    That on march 3, 2000, I was assaulted by unknown
Officers while I was hand and feet Cuffed to a
bed in the special housing unit at USP Lewisburg. I
was hit many times in the back of my head and other
Parts of my body and the dining room.

2.    Mis J. Morin, SIS. Lieutenant Filed two fabricating
incident reports on me dated 4-14-2000 772556 and rewri
of same incident report 7-12-2000 797330 I have be
Placed on disciplinary Segregation etc for these Fabricated
Obtruded reports, lost of good time etc.

3.    The Video Survillance Cameras in the inmates dining
room on the date of March 3, 2000, Will show that I did no
assaulted Associate Warden Lindsey. The Cameras Will
Show that I was the one assaulted in the inmate dining
room and the Special housing unit. Mr. D. Emory refuse t
acknowledge BOP Violation and made untrue Statement i
DHO reports, Calling me a homosexual

V. — Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite cases or statutes.)

1. That the incident reports and their effects be remove from my files. that the Court order the defendants not to destroy or distort any of the evidence Video Surveillance Camera of march 3, 2000, USP Lewisburg dining room incident reports Statements, DHO reports, SIS Investigation, F.B.I. File etc Medical Files or any and materials, Complaint related to this matter in any way or its effects

2. That this matter or case be trial by a Jury. Appoinment of Lawyer. That the Defendant give back to Plaintiff all good times taken because of the march 3, 2000 incident. That the defendant pay the legal and court fee of this action case and Attorney fee

3. Five million dollars 5,000,000, for pain and Sufferings, Five million dollars 5,000,000, for violation of Plaintiffs Constitutional Rights. To be free from un-necessary use of force and Equal protection of the law. That the Plaintiff receive Medical treatment for injuries, Suffer by Plaintiff

Signed this ___25___ day of _August_ 2000, ~~19~~.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

_August 25 2000_____        _____
(Date)                          (Signature of Plaintiff)

United State District Court

Middle District of ~~Pennsylvania~~
Pennsylvania

1 of 6

Douglas Henry. Thornton
Reg 37461-118        Plaintiff

Vs.                                          Civil Cause N# _____

MR. Lindsey; Associate Warden
Mis. I. Morin SIS Lieutenant
Mr. D. Emory DHO and
Unknown Officers. Defendant

## F.R.C.P. Rule; 33
## Interrogatories

C
Come's Now the said Plaintiff Douglas Henry. Thornton, Interrogatories

1. MR. Lindsey, did the Plaintiff Assaulted you or Did you received a broken left index Finger from your own actions

2. When and how was your left index Finger broken. and Time and date, and place.

3. What medical staff treated you for a broken index Finger and how was it determine that your left index Finger was broken and treatment given to you?

4. where was Plaintiff at and doing when your index Finger was broken.

5. What did Plaintiff do to cause your left index Finger to break —

Page two of Interrogatories                          Thornton V. Lindsey et al

6. MR. Lindsey befor march 3, 2000 when was the last time befor that date did you answer to a body help call date time place Cause

7. Did you and other Staff member at the USP Lewisburg have any Knowledge of Thornton and Taylor Fighting each other on March 1, 2000 befor the March 3, incident.

8. Did Staff lock down the institution on march 1, 2000 and talked to each inmates at USP Lewisburg Where no other inmates Could hear what another inmate Said

9. When Staff member at USP. Lewisburg on march 1, 2000 talked to all the inmates there. Did any inmate inform staff that Thornton and Taylor was Fighting each other.

10. Did inmate that worked with inmate Thornton & Taylor inform any Staff member on march 1, 2000 that Taylor and Thornton was Fight each other etc

11. Is it true that Staff allow inmate Thornton and Taylor to Fight and did nothing

12. MR. ~~Lins~~ Lindsey is it true that you and other Staff member at USP Lewisburg Knew that a Fight was going to take place on march 3, 2000 between Taylor and Thornton and Taylor Co-defendant.

13. Lieutenant J. Morin is it a fact that Thornton never told you

Page three of Interrogatories                    Thornton v Lindsey etal

when staff member at USP Lewisburg talked with inmates in A.B.C.
D. block, as stated in DHO report of this matter on march 3, 2000
what staff talked to the inmates in those blocks.

14. Did inmate Taylor ever said that Thornton was sexualy
harrassing him

15. what Staff member that talked to inmates in A,B,C,D on
march 3, 2000 at USP-Lewisburg that inmate told them that
Thornton was sexually harrassing Taylor as stated in DHO
reports on this matter.

16. Did staff member at USP Lewisburg skin search all the
inmates on march 1, 2000 do to an inmate being jumped
on and stab. was any marks on thornton or Taylor at that
time.

17. when and How did staff learned that inmate Thornton and
Taylor was fighting on march 1, 2000. From inmates that worked
with them, or staff that worked with them or from a
note of any kind.

18. what the name of the offices that carry Thornton to the
Special housing unit

19. what was the medical official who Treated Thornton and
for what who took blood from thornton while he was cuffed
to a bed etc.

Page ~~Three~~ four of Interrogatories                              Thornton & Lindsey et

~~20.~~

21, What was the names of the officers who Saw Thornton cause A.w. Lindsey to hurt him Self

22 How did Thornton get on the dining floor ~~to~~ on march 3, 2000

23 Did any officer hit ~~the~~ Thornton causeing him to fall to the dining room floor

24  How come Thornton was never charge with Fighting on march 3, 2000

25. where was Thornton when A.w.Lindsey, came to the dining room incident of march 3, 2000, and what was Thornton doing. where was Taylor at this time and what was he and his Co-defendant doing

F.R.C.P. Rule 33 Defendant Shall answer fully under oath Separately to each questions within 30 days after Service of Interrogatories

Respectfully Submitted

Douglas Henry Thornton
Reg 37461-118 1A-120
United States Penitentiary
Allenwood BOX 3500
White Deer Pa 17887

Date August 25, 2000

THORNTON, Douglas
Reg. No. 37461-118
Appeal No. 216480-R1
Page One

---

### PART B – RESPONSE

---

In your appeal, you allege that the Warden made a statement to you while he was making rounds through the Special Housing Unit. Specifically, you allege the Warden stated he would "knock you out". You request an investigation be conducted.

An investigation into your appeal failed to find any evidence to support your contention that the Warden made such a statement. He specifically denies making such a statement. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

DATE: August 1, 2000

DAVID M. RARDIN
Regional Director

# DISCIPLINE HEARING OFFICER REPORT
## U.S. DEPARTMENT OF JUSTICE

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

| INSTITUTION | USP, Lewisburg | INCIDENT REPORT NUMBER | | 773788 |
|---|---|---|---|---|
| INMATE NAME | THORNTON, Douglas | REG NO   37461-118 | UNIT | 1 |

| DATE OF INCIDENT | 3-3-00 | DATE OF INCIDENT REPORT | 4-14-00 |
|---|---|---|---|

| OFFENSE CODE(S) | 199/101 |
|---|---|
| SUMMARY OF CHARGES | Conduct which Disrupts, most like Assault, Code 101 |

## I.  NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date)   5-29-00   at (time)   1818   (by staff member)   D. Shaw

B. The DHO Hearing was held on (date)   6-14-00   at (time)   0930

C. The inmate was advised of his/her rights before the DHO by (staff member):

P. Yakubick   on (date)   5-30-00   and a copy of the advisement of rights form is attached.

## II.   STAFF REPRESENTATIVE

| A. Inmate waived right to staff representative. | Yes: | | No: | X |
|---|---|---|---|---|

B. Inmate requested staff representative and   N/A   appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:   N/A

| D. Staff representative | M. Houser | was appointed. |
|---|---|---|

E. Staff representative statement:

Mr. Houser indicated he discussed the case with the inmate and the inmate made no specific request.  He wants the DHO to consider the written document he has submitted to the DHO.

## III.   PRESENTATION OF EVIDENCE

| A. Inmate admits | | denies | X | the charge(s). |
|---|---|---|---|---|

B. Summary of inmate statement:

The inmate indicated he understood his rights and was ready to proceed with the hearing. He had one document for the DHO to consider.  The inmate testified he is not guilty. He told me (DHO) to look at the camera.  I advised the inmate in advance of the hearing that I did view the video surveillance of the dining room on the day of the incident. Specifically, after looking at the camera I was unable to discern with any certainty what his actions were, as he had been taken to the ground and there were numerous staff in the area.  Accordingly, there was no clear vantage point from the camera to depict particularly what he did subsequent to being assaulted by two other inmates.  He indicated he didn't really do nothing.  The only thing he remembers is falling out of his chair, nothing else.  He had no evidence for the DHO to consider.  The inmate made no complaints of procedural errors during the hearing.

C. Witness(es):

| 1. The inmate requested witness(es). | Yes: | | No: | |
|---|---|---|---|---|

# DISCIPLINE HEARING OFFICER REPORT
## U.S. DEPARTMENT OF JUSTICE

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| 2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.) | |
| N/A | |
| 3. The following persons requested were not called for the reason(s) given. | |
| N/A | |

| 4. Unavailable witnesses were requested to submit written | Yes | | No | | N/A | X |
|---|---|---|---|---|---|---|

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

Written statement of inmate; Memo of Morin dated 4-14-00; Memoranda of Lindsay, Cope, Sniezek, Densberger, Preisch, Peterson, Sola, Recla and Rothermel dated 3-3-00; Injury assessment forms; Photographs; Video surveillance photographs; Handwritten statement of Inmate Thornton

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

## IV. FINDINGS OF THE DHO

| X | A. The act was committed as charged. | |
|---|---|---|
| | B. The following act was committed: | |
| | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. | |

## V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)

The DHO finds Thornton guilty of the offense of Conduct which Disrupts, most like Assault, Code 101. This decision is based upon the written account of the reporting officer which indicates at 1:30 p.m. on 4-14-00, an SIS investigation concluded that on 3-3-00 at approximately 6:45 a.m., Associate Warden Bindsey was attempting to gain control of Inmate Thornton during a fight in the dining hall. While Thornton was pinned to the ground by Mr. Lindsey, Thornton continued to struggle even after numerous staff attempted to control the situation. During the struggle, Mr. Lindsey felt a shooting pain in his left index finger. This injury was a direct result of Thornton struggling with staff. Upon reporting to the Urgent Care Room after the right, Mr. Lindsey was examined and an x-ray of his left index finger was taken and Mr. Lindsey was treated for a broken left index finger.

Also relied upon by the DHO are the documents listed in the Documentary Evidence Section which support and corroborate the reporting officer's account of the incident. A review of the documentation in this case reveals that on March 3, 2000, at approximately 6:45 a.m, while serving the breakfast meal, staff observed Inmates Thornton, Taylor #18115-018 and Vieux #18140-018 engaged in a physical altercation. Assistance was called and responding staff attempted to separate the three inmates. While staff were attempting to separate and restrain the inmates, Thornton became combative by physically struggling and resisting staff who were attempting to restrain him. At that point it became necessary for staff to carry Thornton to the Special Housing Unit. Subsequently, Thornton was placed in four point hard restraints due to his combative behavior.

Inmate Thornton was examined and treated for small cuts on his forehead, left hand and

**DISCIPLINE HEARING OFFICER REPORT**
U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

lower lip area. Inmate Vieux was escorted to the Health Services Unit and treated for a small cut on his left wrist. Inmate Taylor was examined and no injuries were noted.

The investigation in this case reveals that the assault on Thornton was the result of an altercation he had previously on 3-1-00 with Inmate Taylor in the Mechanical Services Department which was undetected by staff.

As a result of this incident, Mr. Lindsey sustained a broken finger. According to the memo of Mr. Densberger in this case, he responded to the incident. He observed numerous staff members attempting to restrain Thornton along the west wall of the dining room. He obtained a set of leg irons from Control Center and placed them on the struggling Thornton and he was carried out of the dining room. According to Mr. Densberger, Thornton was carried to the SHU holding cell and placed in four point restraints due to his continual struggling with staff.

I have considered the written statement supplied by the inmate in this case which indicates in pertinent part that he didn't assault anyone. He further indicates he did not receive a detention order, nor was he advised that the incident report was being forwarded for consideration for prosecution. He indicates there was a delay in receiving the incident report. The DHO notes the inmate has raised no contentions whatsoever how these delays in any prohibited him from presenting a defense in this action. The record reveals the case was referred for criminal prosecution on 3-3-00 and was released for administrative processing on 5-29-00. According to policy, staff cannot process incident reports while they are pending criminal prosecution unless given permission by the U. S. Attorney's Office. Again, I find no prejudice from the delay of the delivery or the processing of the report. The referral to the criminal prosecutors in this case tolls the time limitations in the processing of the report.

After reviewing the actions in this case, I believe they best described the conduct of Conduct which Disrupts, most like Assault, Code 101. While Thornton was initially assaulted by two other inmates, staff attempted to break up the altercation. The other two inmates who were the assailants complied with staff. Thornton continued to fight vigorously with staff and it resulted in the injury to a staff member. In addition to the inmate causing injury to staff, it is also noted that this happened in the main dining room during the feeding of mainline. This in and of itself could lead to a major disruption in the institution had other inmates decided to involve themselves in the misconduct. Specifically, after staff attempted to disengage Thornton from other inmates, he continued to fight with them (staff). He was fully combative to the point where when he was removed from the dining room, he had to be taken down and placed and four point restraints. Had other inmates come to his aid, it would have jeopardized the lives and safety of all staff and other inmates in the dining room, thereby placing the lives of staff and inmates alike at risk. The greater weight of the evidence supports this finding.

## VI. SANCTION OR ACTION TAKEN

CODE: 199/101

Disciplinary Segregation: 60 days
Disciplinary Transfer
Loss of Commissary Privilege: 180 days
Loss of Telephone Privilege: 180 days
Loss of Visiting Privilege: 180 days

## VII. REASON FOR SANCTION OR ACTION TAKEN

The rationale for the sanctions imposed in this case is to punish the inmate for his misconduct which is viewed as having an adverse affect on the security and good order of the institution. I believe that stringent sanctions, to include the loss of privilege, are the only viable sanctions which are significant enough to curb the inmate's future

**DISCIPLINE HEARING OFFICER REPORT**
**U.S. DEPARTMENT OF JUSTICE**

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

misconduct.  No other sanctions are seen to be effective enough to facilitate this task.

VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action.  The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

| | | | Yes | X | No | | |
|---|---|---|---|---|---|---|---|

IX. DISCIPLINE HEARING OFFICER

| Printed Name of DHO | Signature of DHO | Date |
|---|---|---|
| D. Emory | | 6-15-0 |

| Report delivered to inmate by: | DATE | TIME |
|---|---|---|
| M. Inch | 6/16/00 | |

(This form may be replicated in WP)          Replaces BP-304(52) of JAN 88

U.S. Department of Justice  773788    **Incident Report**    773798        7

Federal Bureau of Prisons                                                    Printed on Recycled Paper

| 1. NAME OF INSTITUTION |
|---|
| USP Lewisburg, PA |

Page 1 of 1

## PART I – INCIDENT REPORT

| 2. NAME OF INMATE | 3. REGISTER NUMBER | 4. DATE OF INCIDENT | 5. TIME |
|---|---|---|---|
| Douglas Thorton | 37461-118 | 3/3/00 | Approx. 6:45am |

| 6. PLACE OF INCIDENT | 7. ASSIGNMENT | 8. UNIT |
|---|---|---|
| Dining Hall | UNASSG. | Unit 2 |

| 9. INCIDENT | 10. CODE |
|---|---|
| Conduct which disrupts, most like Assault | 101/199 |

4/14/00 1:30pm

11. DESCRIPTION OF INCIDENT (Date: _____ Time: _____ Staff became aware of incident)

At approximately 1:30pm, on 4/14/00, an SIS investigation concluded that on 3/3/00, at approximately 6:45am, Associate Warden Lindsey was attempting to ~~gain control of inmate Douglas Thorton, Reg. #37461-118, during a fight in~~ the dining hall. While inmate Thorton was pinned on the ground by Mr. Lindsey, inmate Thorton continued to struggle even after numerous staff ~~attempted to control the situation. During the struggle, Mr. Lindsey felt~~ a shooting pain in his left index finger. This injury was a direct result of inmate Thorton struggling with staff. ~~Upon reporting to the Urgent Care~~ ~~Room after the fight, Mr. Lindsey was examined and an X-Ray of his left index~~ finger was taken. Subsequently, Mr. Lindsey was treated for a broken left

| 12. SIGNATURE OF REPORTING EMPLOYEE | DATE AND TIME | 13. NAME AND TITLE (Printed) |
|---|---|---|
| *[signature]* | 4/14/00 1:45 PM | J. Morin, SIS |

| 14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY | 15. DATE INCIDENT REPORT DELIVERED | 16. TIME INCIDENT REPORT DELIVERED |
|---|---|---|
| *[signature]* | 5-09-00 | 1818 |

## PART II – COMMITTEE ACTION

17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT

18. A. IT IS THE FINDING OF THE COMMITTEE THAT YOU:
_____ COMMITTED THE FOLLOWING PROHIBITED ACT.

_____ DID NOT COMMIT A PROHIBITED ACT.

B. _____ THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING.
C. _____ THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN 15 CALENDER DAYS.

19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION

20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO (CONTINGENT UPON DHO FINDING INMATE COMMITTED PROHIBITED ACT)

21. DATE AND TIME OF ACTION _____ (THE UDC CHAIRMAN'S SIGNATURE NEXT TO HIS NAME CERTIFIES WHO SAT ON THE UDC AND THAT THE COMPLETED REPORT ACCURATELY REFLECTS THE UDC PROCEEDINGS.)

| Chairman (Typed Name/Signature) | Member (Typed Name) | Member (Typed Name) |
|---|---|---|

U.S. Department of Justice

**Central Office Administrative Remedy Appeal**

Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Thornton Douglas H | 37461-118 | SHU 235 | USP Lew Pa
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A—REASON FOR APPEAL** DHO appeal No 73788, Remedy ID. 215911-R1.
Mr. M. Houser, who was appointed my staff representative, did not let me know
that he was my staff representative until the hearing it self was in action
The only time I saw mr. m. Houser or knew he was my staff representative was
doing the commencing of this DHO hearing. The DHO officer called me into the DHO
hearing room to commence the hearing, I inform the DHO officer that I requested
for a staff representative in this matter. The DHO officer them inform me that
my staff representative was on his way. The hearing was held up until mr m. Houser
came. This was the first time I ever ever saw mr. Houser as my staff represen-
ative. BOP Rule, practice say 24 hours. I wanted copies on memo-rute. I
wanted mr. m. Houser to look at the video surveillance cameras so he could see
him self what happen on march 3, 2000. I also was not told about this
incident report until 5-29-00, I did not received a back up order, DA. order or
Sis or FBI investigation notice, and I was ask question about this matter while it was
under investigation and it was

Date ____2000.    use at DHO hearing 772556    SIGNATURE OF REQUESTOR

**Part B—RESPONSE**

DATE _____    GENERAL COUNSEL _____

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

AO 240 (1/94)

# United States District Court

_Middle_ **DISTRICT OF** _Pennsylvania_

Douglas Henry - Thornton

**Plaintiff**

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

V.

Mr. Lindsey, Associate Warden et al

**Defendant**

**CASE NUMBER:**

I, Douglas Henry Thornton declare that I am the (check appropriate box)

☑ petitioner/plaintiff/movant          ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC. §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?:          ☑ Yes          ☐ No          (If "No" go to Part 2)

    If "Yes" state the place of your incarceration _United States Penitentary Allenwood Pa 17887_

    Are you employed at the institution? _Yes_   Do you receive any payment from the institution? _not yest_

    Have the institution fill out the Certificate portion of this affidavit and attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed?          ☑ Yes          ☐ No _Institution Job, But have not been pay any thing to this date._

    a. If the answer is "Yes" state the amount of your take-home salary or wages and pay period and give the name and address of your employer. _Institution Job, I have not been pay any thing to this date August 25, 2000._

    b. If the answer is "No" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer. _The last institutional pay I received was for February of this year; 2000; about 13.00_
    _last pay February 13, dollars or so. USP-Lewisburg Pa. year 2000._

3. In the past twelve 12 months have your received any money from any of the following sources?

    a.   Business, profession or other self-employment          ☐ Yes          ☑ No
    b.   Rent payments, interest or dividends          ☐ Yes          ☑ No
    c.   Pensions, annuities or life insurance payments          ☐ Yes          ☑ No
    d.   Disability or workers compensation payments          ☐ Yes          ☑ No
    e.   Gifts or inheritances          ☑ Yes          ☑ No
    f.   Any other sources          ☐ Yes          ☑ No

    If the answer to any of the above is "Yes" describe each source of money and state the amount received and what you expect you will continue to receive.

**Admin. Remedy No.: 216378-F1**
**Part B - Response**

## REQUEST FOR ADMINISTRATIVE REMEDY

In your Request for Administrative Remedy, you allege that staff in the Special Housing Unit are providing you with filthy mops to clean your cell and sliding them through the food slot, thereby causing contamination. You request staff to place a trash bag over the food slot for removal of the mop.

Our investigation of your complaint reveals that you are currently housed in the Special Housing Unit. The Special Housing Unit contains a number of inmates with numerous security concerns. Accordingly, ensuring that security is maintained is a priority. The investigation revealed that all mop heads are removed on a weekly basis and sent to the laundry for cleaning. Once mop heads are no longer serviceable, they are exchanged through the Safety Department and replaced with new ones. Due to security constraints, mop heads are passed through the cell wickets. The water for the buckets is changed regularly so the mops are clean as they possibly can be. Our investigation further reveals you are also supplied with cleanser. Accordingly, after you mop your floor, you have the ability to clean the cell wicket. The issuance of trash bags to each inmate is not a viable option due to security concerns. Specifically, these items can be easily misused to interfere with the security and good order of the Special Housing Unit. Finally, is noted that if you clean the cell wicket after you mop your floor, no contamination should occur to any food items which you receive through the wicket. Specifically, with proper sanitation and due the fact food items are passed through to you in your cell in a self-contained container. These containers are complete with a cover. Accordingly, no contamination should occur to your food.

In view of the foregoing, we find no basis to your complaint and your request has been DENIED. If you are dissatisfied with this response, you may appeal to the Regional Director, United States Federal Bureau of Prisons, Northeast Regional Office, United States Customs House - Seventh Floor, Second and Chestnut Streets, Philadelphia, PA 19106, within twenty (20) calendar days from the date fo this response.

_7/18/00_
Date

_Donald Romine_
Donald Romine, Warden



**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Thornton Douglas Henry    31461-114    USH-235    USP-Lew
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST** The mop that is past to inmates on week ends to clean their cell with, Is filthy. Inmates within the special housing unit are allow to clean their cell on the week ends. Unit officer give inmates what ever they want to clean their cells at with, through the food slot in their cell door This slot is general call the fee up slot, Because all the inmate food is past through that slot to them into the cell, all me The mop that is given to inmate to clean their cell with, through the fee up slot, Is contaminated Pathogenic Microorganism and grime ingrained in the mop head. That touch the food slot when it past through it. So by doing this the soiled dirty, filthy etc. Get on a inmate food sit any will not remove or kill the grime characteristic. By placing a trash bag over the mop head, would [signature]

June 29, 2006    Limited this matter    SIGNATURE OF REQUESTER

**Part B- RESPONSE** Trash bag over mop head when past through slot would limit this problem.

[circled] Rec'd 7/5/00 An

11/9/00
DATE    WARDEN OR REGIONAL DIRECTOR    [signature]

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

CASE NUMBER: 216378-F1

**SECOND COPY: RETURN TO INMATE**

CASE NUMBER:

**Part C- RECEIPT**
Return to:
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO    UNIT    INSTITUTION

SUBJECT:

DATE    RECIPIENT'S SIGNATURE (STAFF MEMBER)    BP-229(13)

**THORNTON, Douglas**
Reg. No. 37461-118
Appeal No. 216480-R1
Page One

---

### PART B - RESPONSE

In your appeal, you allege that the Warden made a statement to you while he was making rounds through the Special Housing Unit. Specifically, you allege the Warden stated he would "knock you out".  You request an investigation be conducted.

An investigation into your appeal failed to find any evidence to support your contention that the Warden made such a statement. He specifically denies making such a statement.  Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons.  Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C.  20534, within 30 calendar days of the date of this response.

DATE: August 1, 2000

_____
DAVID M. RARDIN
Regional Director

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Thornton Douglas Henry      37461-115      USA-235      USP-Lew
_____
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A- INMATE REQUEST** The mop that is past to inmates on week ends to clean their cell with, Is Filthy. Inmates within the Special housing Unit are allow to clean their cell on the week ends. Unit officer give inmates what ever they went to clean their cells out with, through the food slot in their cell door. This Slot is generaly call the fee up Slot, Because all the inmate food is past through that Slot to them into the cells all meals. The mop that is given to inmate to clean their cell with through this fee up Slot. Is contaminate, Puthogenic Microorganism and grime ingrained in the mop head. That touch the food Slot when its past through it. So by doing this the soiled dirty, filthy etc. Get on a inmate food Slot area, will not remove or kill the grime characteristic. By placing a trash bage over the mop head would _____
_____
July 2q, DATE      Limited this matter      SIGNATURE OF REQUESTER

**Part B- RESPONSE** Trash bage over mop head when past through slot would limit this problem.

Rec'd 7/5/00
An

7/19/00
_____      _____
DATE      WARDEN OR REGIONAL DIRECTOR
Donald J Herne

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE      CASE NUMBER: 216378-F1

CASE NUMBER: _____

**Part C- RECEIPT**
Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION
SUBJECT: _____

_____      _____
DATE      RECIPIENT'S SIGNATURE (STAFF MEMBER)

7

**Admin. Remedy No.: 216378-F1**
**Part B - Response**

## REQUEST FOR ADMINISTRATIVE REMEDY

In your Request for Administrative Remedy, you allege that staff in the Special Housing Unit are providing you with filthy mops to clean your cell and sliding them through the food slot, thereby causing contamination. You request staff to place a trash bag over the food slot for removal of the mop.

Our investigation of your complaint reveals that you are currently housed in the Special Housing Unit. The Special Housing Unit contains a number of inmates with numerous security concerns. Accordingly, ensuring that security is maintained is a priority. The investigation revealed that all mop heads are removed on a weekly basis and sent to the laundry for cleaning. Once mop heads are no longer serviceable, they are exchanged through the Safety Department and replaced with new ones. Due to security constraints, mop heads are passed through the cell wickets. The water for the buckets is changed regularly so the mops are clean as they possibly can be. Our investigation further reveals you are also supplied with cleanser. Accordingly, after you mop your floor, you have the ability to clean the cell wicket. The issuance of trash bags to each inmate is not a viable option due to security concerns. Specifically, these items can be easily misused to interfere with the security and good order of the Special Housing Unit. Finally, is noted that if you clean the cell wicket after you mop your floor, no contamination should occur to any food items which you receive through the wicket. Specifically, with proper sanitation and due the fact food items are passed through to you in your cell in a self-contained container. These containers are complete with a cover. Accordingly, no contamination should occur to your food.

In view of the foregoing, we find no basis to your complaint and your request has been DENIED. If you are dissatisfied with this response, you may appeal to the Regional Director, United States Federal Bureau of Prisons, Northeast Regional Office, United States Customs House - Seventh Floor, Second and Chestnut Streets, Philadelphia, PA 19106, within twenty (20) calendar days from the date fo this response.

_7/(9/00_
Date

_Donald Romine_
Donald Romine, Warden

U.S. DEPARTMENT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY**   7
Federal Bureau of Prisons

33 A
342

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Thornton Douglas H.        37461-118      SHU-236    USP-Lew
**LAST NAME, FIRST, MIDDLE INITIAL**     **REG. NO.**        **UNIT**        **INSTITUTION**

**Part A– INMATE REQUEST**

Staff members of the special housing unit are not allowing inmates to use the usufruct or usefulness of the Special housing unit Law library. I have been housed within the Special housing unit for four months. I have placed over 15 request in the hands of Officers working working what ever floor I may been on requests to use the unit Law library within the four months. I have only been allow to use the Special housing unit law library three times. There Seem to be a practice within the Special housing unit to dis regard inmate request to use the unit law library.

June 14, 2000                          _Geo. H. Thornton_
_____                     _____
     DATE                                  SIGNATURE OF REQUESTER

**Part B– RESPONSE**

Rec'd
6/20/00
fr

7/7/00
_____
     DATE

_Donald Glenn_
_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                CASE NUMBER: 215877-F1

                                          CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

DATE                                   RECIPIENT'S SIGNATURE (STAFF MEMBER)

INMATE NAME: Thornton, Douglas
REG. #: 37461-118
Admin. #215577-F1

In your Request for Administrative Remedy dated June 14, 2000, you claim that Special Housing Unit staff are ignoring your numerous requests to utilize the unit law library.

A review was conducted of the list for the Special Housing Unit Law Library requests. It was found that you were afforded the opportunity on three separate occasions. On May 30, 2000, you did in fact use the unit law library for almost four hours. In addition, you again utilized the law library on both June 8, 2000, and June 20, 2000, for a total of six hours.

Due to the fact that you are housed in a unit with a large number of other inmates, we must afford all inmates the opportunity to use the library within the unit. You are in fact the one inmate who has been given the most access to the library. Correctional Staff have afforded you numerous opportunities and will continue to ensure that your requests will be met.

Based on the above, the relief you request has been DENIED. If you are dissatisfied with this response, you may appeal to the Regional Director, United States Federal Bureau of Prisons, Northeast Regional Office, United States Customs House - Seventh Floor, Second and Chestnut Streets, Philadelphia, PA 19106, within twenty (20) calendar days from the date of this response.

_7/2/00_
Date

_Donald Romine_
Donald Romine, Warden

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Thornton Douglas H__   __37461-118__   __SHU-23S__   __USP-Low Pa__
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL**

The few times that I was allow to use the unit law library be for June 14, 2000, was because I filed BP-8 talked to just about every staff member who walked the range I was on. at that time. I enter the special housing unit on March 3, 2000. From march 3, 2000 to June 14, 2000, I was only allow to use the SHU law library about three times. There not that many inmates requesting to use the SHU law library and there not that many inmates using the law library to justify demonstrate one time per month margin. I live on the range and no for a fact that its a very low number of inmates that request or go to the unit law library. Because of my situation of being under investigation by the FBI and the fact that I was being charge with assaulting a staff member See incident report No 773788 dated 3-3-00. That I was not aware of untill 5-29-00. As part of the reason was not

__July      2000__        allowing me to use the law            _[signature]_
DATE                      library more ofte.                SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____   _____
DATE                      REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                CASE NUMBER: __215577-R1__

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**THORNTON, Douglas**
Reg. No. 37461-118
Appeal No. 215577-R1
Page One

## Part B - Response

Your appeal concerns the frequency of your access to the law library in Special Housing Unit (SHU) at USP Lewisburg. Specifically, you contend that you made numerous requests to visit the law library and that only three requests were granted.

Program Statement 1315.06, Inmate Legal Activities, states that a Warden shall provide a means of access to legal materials and an opportunity to prepare legal documents to inmates confined in SHU, with consideration of the needs of other inmates and the availability of staff and other resources.  The record in SHU at USP Lewisburg revealed that you made five requests to visit the SHU law library between May 30, 2000 and July 29, 2000. Three visits to the law library were granted; you refused to go to the library on one occasion; and the last request, July 17, 2000 was mooted by your July 19, 2000 transfer to USP Allenwood. The record does not support your allegation that you made fifteen requests to visit the law library.  Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons.  Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C.  20534, within 30 calendar days of the date of this response.

Date: August 15, 2000                    DAVID M. RARDIN
                                         Regional Director

**U.S. Department of Justice**                                              **Regional Administrative Remedy Appeal**                    7

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: Thornton Douglas H            37461-118        SHU-240 USP-Lewisburg, P.
     LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.           UNIT              INSTITUTION

**Part A—REASON FOR APPEAL**  DHO appeal #772538, I only stated that SIS
Lt J. morin filed a untrue and fabricated incident report on me.
I never told him that I was fighting with anyone on March 1, 2000. For
which she used the base for writing incident report #772556.
I told case manager Giordani after he inform me that the warden
appointed him as my staff rep. That I have already filed a BP8 on
Lt morin for filing this untrue incident report. I then gave him
a statement that I wrote for DHO. Giordani read part of that
statement and threw it on my cell floor and stated some thing
to me and walked a way from my cell. I called out to him
to come back to my cell I still wanted to talked with him. He
stated he was not going to be my staff rep. etc. and kept walking
See statement to DHO. account given by me.

May 22 2000                                                          _____
    DATE                                                           SIGNATURE OF REQUESTER

**Part B—RESPONSE**

 

_____                                              _____
    DATE                                                           REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

**SECOND COPY: RETURN TO INMATE**                              CASE NUMBER: 214024-R1

**Part C—RECEIPT**

                                                 CASE NUMBER: _____

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.           UNIT              INSTITUTION

SUBJECT:

**THORNTON, Douglas**
Reg. No. 37461-118
Appeal No. 214024-R1
Page One

---

### Part B - Response

You appeal the May 9, 2000 decision of the Discipline Hearing
Officer (DHO) at USP Lewisburg, finding that you committed the
prohibited act of Threatening Another, Code 203, Incident Report
No. 775538. You contend that your comments were intended to
inform your staff representative that you were going to file a
grievance on the Lieutenant. You seek to have the disciplinary
action expunged.

The record reveals the DHO determined you threatened a staff
member based upon the following. The reporting staff member
stated that after being appointed by the Warden as your staff
representative on another incident report, he went to meet with
you at cell number 319 in the Special Housing Unit on April 25,
2000. At that time, you claimed that the Lieutenant who wrote
the incident report for fighting was lying because you never
admitted to fighting, and that you had to do what you had to do
to her. The reporting staff member asked you what you meant, and
you replied that you were from the old school and that you would
take care of her in your own way. The reporting staff member
then told you he could not be your staff representative while you
were threatening another staff member, and you stated, "I'm going
to be punching on some motherf--kers around here." You told the
DHO that you were on medication at the time of the incident, but
did not cuss or make threatening remarks. You said you were
going to take administrative action against the Lieutenant. It
was reasonable for the DHO to find that you threatened a staff
member based upon the language you used with the reporting staff
member.

The record in this case reflects substantial compliance with
Program Statement 5270.07, Inmate Discipline. The decision of
the DHO was based upon the greater weight of evidence and the
sanctions imposed were consistent with the severity level of the
prohibited act. The sanctions imposed, to wit: a forfeiture of
60 days statutory good time, a disciplinary transfer, 30 days
disciplinary segregation, and a restriction of your telephone
privilege for 90 days were within the maximum authorized for your
offense and were not disproportionate to your misconduct.
Accordingly, your appeal is denied.

(Continued on Page Two)

**THORNTON, Douglas**
Reg. No.  37461-118
Appeal No.  214024-R1
Page Two

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons.  Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C.  20534, within 30 calendar days of the date of
this response.

Date: June 30, 2000

DAVID M. RARDIN
Regional Director

U.S. Department of Justice          775 38          **Incident Report**          775538

Federal Bureau of Prisons

| | | | |
|---|---|---|---|
| **1. NAME OF INSTITUTION** | | | |
| USP, Lewisburg | | | |

### PART I – INCIDENT REPORT

| 2. NAME OF INMATE | 3. REGISTER NUMBER | 4. DATE OF INCIDENT | 5. TIME |
|---|---|---|---|
| THORNTON, Douglas | 37461-118 | 25 APR 00 | 9:45 AM |
| **6. PLACE OF INCIDENT** | **7. ASSIGNMENT** | **8. UNIT** | |
| Special Housing Unit, Cell # 319 | Unassg | Unit-1 | |
| **9. INCIDENT** | | | **10. CODE** |
| Threatening another with bodily harm | | | 203 |

**11. DESCRIPTION OF INCIDENT** (Date: 4/25/00 Time: 7:45A Staff became aware of incident)

went to see inmate Thornton, after being his warden appointed staff rep. for his previous I.R. for fighting. He indicated that Lt. Morin claimed that he admitted to fighting. Thornton told me she was lying and he had to do what he had to do to her. I asked him what he meant & he replied, he is from the old school, he will take care of her his own way. I told him I could not be his staff rep. while he is threatening another staff member. Thornton told me that I disrespected him and he is "going to be punching on some motherfuckers around here".

| 12. SIGNATURE OF REPORTING EMPLOYEE | DATE AND TIME | 13. NAME AND TITLE (Printed) |
|---|---|---|
| *[signature]* | 4-25-00   12:45 PM | A. Giordani, Case Manager |
| **14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY** | **15. DATE INCIDENT REPORT DELIVERED** | **16. TIME INCIDENT REPORT DELIVERED** |
| *[signature]* | 4/26/00 | 8:45 AM |

### PART II – COMMITTEE ACTION

**17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT**

| | |
|---|---|
| **18. A. IT IS THE FINDING OF THE COMMITTEE THAT YOU:** _____ COMMITTED THE FOLLOWING PROHIBITED ACT. _____ DID NOT COMMIT A PROHIBITED ACT. | **B.** _____ THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING. **C.** _____ THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN 15 CALENDER DAYS. |

**19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION**

**20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO (CONTINGENT UPON DHO FINDING INMATE COMMITTED PROHIBITED ACT)**

**21. DATE AND TIME OF ACTION** _____ (THE UDC CHAIRMAN'S SIGNATURE NEXT TO HIS NAME CERTIFIES WHO SAT ON THE UDC AND THAT THE COMPLETED REPORT ACCURATELY REFLECTS THE UDC PROCEEDINGS.)

| Chairman (Typed Name/Signature) | Member (Typed Name) | Member (Typed Name) |
|---|---|---|

**U.S. Department of Justice**

Federal Bureau of Prisons

**Incident Report**

Printed on Recycled Paper

| 1. NAME OF INSTITUTION | | | |
|---|---|---|---|
| USP Lewisburg, PA | | Page 1 of 1 | |

**PART I – INCIDENT REPORT**

| 2. NAME OF INMATE | 3. REGISTER NUMBER | 4. DATE OF INCIDENT | 5. TIME Approx. |
|---|---|---|---|
| Douglas Thorton | 37461-118 | 3/1/00 | 12:00pm |

| 6. PLACE OF INCIDENT | 7. ASSIGNMENT | 8. UNIT |
|---|---|---|
| Dining Hall | UNASSG. | Unit 1 |

| 9. INCIDENT | 10. CODE |
|---|---|
| Fighting | 201 |

**11. DESCRIPTION OF INCIDENT** (Date: 4/14/00  Time: 1:30pm  Staff became aware of incident)

At approximately 1:30pm, on 4/14/00, an SIS investigation concluded that on 3/1/00, at approximately 12:00pm, while in the Mechanical Services area, inmate Gregory Taylor, Reg. #19115-01? and inmate Douglas Thorton, Reg. 37461-118, were involved in a fight. This conclusion is based upon inmate Taylor and inmate Thorton's own admission to fighting during an SIS investigation.

| 12. SIGNATURE OF REPORTING EMPLOYEE | DATE AND TIME 4/14/00 1:45 PM | 13. NAME AND TITLE (Printed) J. Morin, SIS |
|---|---|---|

| 14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY | 15. DATE INCIDENT REPORT DELIVERED | 16. TIME INCIDENT REPORT DELIVERED |
|---|---|---|

**PART II – COMMITTEE ACTION**

**17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT**

**18. A.** IT IS THE FINDING OF THE COMMITTEE THAT YOU:
_____ COMMITTED THE FOLLOWING PROHIBITED ACT.

_____ DID NOT COMMIT A PROHIBITED ACT.

**B.** _____ THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING.

**C.** _____ THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN 15 CALENDER DAYS.

**19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION**

**20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO (CONTINGENT UPON DHO FINDING INMATE COMMITTED PROHIBITED ACT)**

**21. DATE AND TIME OF ACTION** _____ (THE UDC CHAIRMAN'S SIGNATURE NEXT TO HIS NAME CERTIFIES WHO SAT ON THE UDC AND THAT THE COMPLETED REPORT ACCURATELY REFLECTS THE UDC PROCEEDINGS.)

| Chairman (Typed Name/Signature) | Member (Typed Name) | Member (Typed Name) |
|---|---|---|

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: Thornton Douglas H          37461-118     SHU-240      USP-Lewisburg Pa
        LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.        UNIT         INSTITUTION

**Part A—REASON FOR APPEAL**  DHO appeal Case No#772556.1. On march 3, 2000, I was plac
in the special housing unit. I never received a detention order or SIS investigation Notice
On April 14, I received a incident report, dated 4-14-2000, Place of incident dining hall
date of incident march 1, 2000, In part 11 of the incident report description of
incident. It states the incident took place in Mechanical Services not the dining hall
at all so states that I stated I was fighting on march 1, 2000 which is not true See
DHO report. Only inmate Taylor statement is use to support it, see DHO report. This is
the same inmate who assaulted me on march 3, 2000 in the dining room see DHO
report.  I was never ask about homosexual activity by DHO officer in any regards.
I had a hernia on march 1, 2000 that cause me great pain I also was on
very strong medication for over active bladder on march 1, 2000 from reading
the fabricated account of this incident and SIS and DHO report I see
now that official are determine to lie on me. Nor did I put up a fight on march
3, 2000 that cause anyone         _____
harm etc.                         SIGNATURE OF REQUESTER

May DATE 2000

**Part B—RESPONSE**      See Attached Letter.

_____                    _____
DATE                                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                 CASE NUMBER: 214286-R1

**Part C—RECEIPT**

                                           CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

**THORNTON, Douglas**
Reg. No.  37461-118
Appeal No.  214286-R1
Page One

---

### Part B - Response

You appeal the May 9, 2000 decision of the Discipline Hearing
Officer (DHO) at USP Lewisburg, finding that you committed the
prohibited act of Fighting, Code 201, Incident Report No.
772556.  You contend staff are lying because you never admitted
to fighting, you didn't receive a detention order, and you were
taking a strong medication at the time.  You seek to have the
disciplinary action expunged.

The record reveals you may not have had adequate notice of the
charge.  Accordingly, this disciplinary action is being remanded
to be rewritten and reheard.  You will be notified of the time
and date for the new hearing.  To the extent noted, your appeal
is partially granted.

Date: July 6, 2000

DAVID M. RARDIN
Regional Director

U.S. Department of Justice  **Incident Report** 
Federal Bureau of Prisons

| | | | |
|---|---|---|---|
| **1. NAME OF INSTITUTION** USP Lewisburg, PA | 79 1350 | | Page 1 of 1 |

## PART I – INCIDENT REPORT

| 2. NAME OF INMATE | 3. REGISTER NUMBER | 4. DATE OF INCIDENT | 5. TIME |
|---|---|---|---|
| Douglas Thorton | 37461-118 | 3/1/00 | Approx. 12:00pm |

| 6. PLACE OF INCIDENT | 7. ASSIGNMENT | 8. UNIT |
|---|---|---|
| Mechanical Services | UNASSG. | Unit 1 |

| 9. INCIDENT | 10. CODE |
|---|---|
| Fighting | 201 |

**11. DESCRIPTION OF INCIDENT** (Date   Time   Staff became aware of incident)   4/14/00 1:30pm

This incident report is a rewrite of incident report number 772556, dated 4/14/00. At approximately 1:30pm, on 4/14/00, an SIS investigation concluded that on 3/1/00, at approximately 12:00pm, while in the Mechanical Services area, inmate Gregory Taylor, Reg #18115-018 and inmate Douglas Thorton, Reg.37461-118, were involved in a fight. Specifically, Inmate Thorton had approached inmate Taylor. Inmate Thorton had told Inmate Taylor that he (Taylor) made him (Thorton) feel uncomfortable. Inmate Thorton had then tried to punch Inmate Taylor with a closed fist. Inmate Taylor then punched Inmate Thorton with a closed fist and told Inmate Thorton to "check in" and to get off the compound. This conclusion is based upon Inmate Taylor and Inmate Thorton's own admission to fighting during an SIS investigation.

| 12. SIGNATURE OF REPORTING EMPLOYEE | DATE AND TIME 7/12/00 3:30 PM | 13. NAME AND TITLE (Printed) J. Morin, SIS |
|---|---|---|

| 14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY | 15. DATE INCIDENT REPORT DELIVERED 7-12-00 | 16. TIME INCIDENT REPORT DELIVERED 7:30pm |
|---|---|---|

## PART II – COMMITTEE ACTION

**17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT**

INMATE THORNTON STATED, "FIRST OF ALL, I NEVER RECEIVED MY PINK COPY OF THIS RE-WRITE, NOBODY ASKED ME ANYTHING. SECOND, ABOUT THIS REPORT, AS I SAID THE FIRST TIME, I NEVER MADE A STATEMENT TO SIS OR ANYONE ELSE THAT I WAS FIGHTING. THIS REPORT ISN'T TRUE.

| 18. A. IT IS THE FINDING OF THE COMMITTEE THAT YOU: COMMITTED THE FOLLOWING PROHIBITED ACT   DID NOT COMMIT A PROHIBITED ACT | B. XXXXX  THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING C.   THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN 15 CALENDER DAYS. |
|---|---|

**19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION**

DUE TO THE SERIOUSNESS OF THE REPORT, THE UDC IS FORWARDING TO THE DHO FOR FURTHER ACTION. THIS UDC IS A RE-HEARING OF THE ORIGINAL I/R #772556 DATED 4/14/00 AND HEARD AT THE UDC LEVEL ON 4/16/00 AT 0925.

**20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO (CONTINGENT UPON DHO FINDING INMATE COMMITTED PROHIBITED ACT)**

RECOMMEND SANCTIONS AS STATED ON ORIGINAL REPORT - THIRTY DAYS D/S, LOSS OF SGT. PRIVILEGES, TRANSFER.

**21. DATE AND TIME OF ACTION** 07/13/00  0935   (THE UDC CHAIRMAN'S SIGNATURE NEXT TO HIS NAME CERTIFIES WHO SAT ON THE UDC AND THAT THE COMPLETED REPORT ACCURATELY REFLECTS THE UDC PROCEEDINGS.)

YARBICK/

Chairman (Typed Name/Signature)       Member (Typed Name)       Member (Typed Name)

7

U.S. Department of Justice

**Central Office Administrative Remedy Appeal**

Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Thornton Douglas H    57461-4118    SHU-236    USP-Lew
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL** DHO, appeal N# 972556 / Remedy No# 214286 - R1.
This incident report was process in violation of title 28, part 43, Section
541.14 541.19 541.11 541.20 code of federal Regulation and Program
Statement 5270.07. I was not given a lock up order or detention order
on did I received a SIS-Investigation notice or FBI investigation notice
I did not receive a copy of the incident report until 4-14-00. I never
told the SIS. Lt or admitted to the SIS. Lt that I was fighting any one
on march 1, 2000. I was never asked any question about illegal acts acts
any way. I no for a fact that the DHO report is a out right fabrication
's for how inmate at the general population reviewed my me. I worked in
mechanical service for about Seven month any staff will tell you I am inmate
raylor has allway been around each other and that he use to come to my about
Sub 18-2000 looking for me all the time.      SIGNATURE OF REQUESTOR

**Part B—RESPONSE**



RECEIVED
JL 18 2000
ADMINISTRATIVE REMEDY BRANCH

_____
DATE

ORIGINAL: RETURN TO INMATE

**Part C—RECEIPT**

GENERAL COUNSEL
CASE NUMBER: 214286-A1

CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

7

**Administrative Remedy No. 214286-A1**
**Part B - Response**

You appeal the DHO's decision of May 9, 2000, Fighting, Code 201, and the Regional Director's decision to remand your case back to the institution for a rehearing.

We concur with the Regional Director's decision to remand Incident Report No. 772556 back to the institution for a rehearing.  The case was remanded back to the institution to be rewritten and reheard.  Records indicate that the incident report was reheard on July 18, 2000 and you were sanctioned.  If you wish to appeal the rehearing decision, you should reinstate any contentions you have through the submission of a Regional Administrative Remedy Appeal (BP-10) to the Regional Director. This response is provided for informational purposes only.


July 26, 2000
Date

Harrell Watts, Administrator
National Inmate Appeals

U.S. Department of Justice

Federal Bureau of Prisons

**Request For Administrative Remedy**

22⁺ 25⁻

Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.

From: Thornton Douglas H        51461-118    SHU-236    USP-Lew
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A– INMATE REQUEST**  Due to practice use here at USP-Lewisburg, Inmates that are doing disciplinary Segregation time, and on Commissary restriction. Can not buy lotion of Shampoo from Commissary. I have a hundred and twenty days disciplinary Segregation time and six month Commissary restriction. I am only give two real small bars of soap the size of and smaller then a book of matches. I have real long hair, by the time I use these small bars of soap to wash my body, There nothing to clean my hair with. I have a skin condition. About 55 per cent of my skin is drafted skin do to third degree burn over 65 per cent of my body. The drafted skin get real hard and Dry a lot. I need

June 20, 2006    lotion for it.
DATE

SIGNATURE OF REQUESTER

**Part B– RESPONSE**

Rec'd 6/26/10
An

7/10/03
DATE

*Donald Romine*
WARDEN OR REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE        CASE NUMBER: 215976-F1

**Part C– RECEIPT**

CASE NUMBER:

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT:

## ADMINISTRATIVE REMEDY RESPONSE

**Admin. Remedy No.: 215976-F1**
**Part B - Response**

In your Request for Administrative Remedy, you state that you cannot buy lotion or shampoo from the Commissary because you were sanctioned by the Disciplinary Hearing Officer (DHO) with one hundred and twenty (120) days of Disciplinary Segregation and six months of Commissary Restriction. You further state that you need lotion for a skin condition.

The use of the Commissary **is a privilege** and **is not a specific right**, written or implied, of any inmate. Program Statement (P. S.) 5270.07 addresses sanctions which may be imposed upon an inmate who has been found guilty of committing a prohibited act by either the Disciplinary Hearing Officer (DHO) or the Unit Discipline Committee (UDC). Sanctions may be imposed for the loss of privileges for a specified period of time, such as the use of the Commissary, Movies, Recreation, etc.

Additionally, the Warden of the Institution has the authority to develop local limitations on the quantity and type of personal property allowed in Special Housing Units, to include Administrative Detention. P. S. 5270.07 specifically states that personal property **may be limited or withheld** for reasons of security, fire safety or housekeeping, and documented in the Unit records.

Your claim that you have a skin condition should be appropriately directed to the Health Services Department. If the skin condition is a legitimate medical problem, it should be documented in your medical records.

Based on the above, the relief you request has been DENIED. If you are dissatisfied with this response, you may appeal to the Regional Director, United States Federal Bureau of Prisons, Northeast Regional Office, United States Customs House - Seventh Floor, Second and Chestnut streets, Philadelphia, Pa. 19106 within twenty (20) calendar days from the date of this response.

7/10/00
**Date**

Donald Romine, Warden

CO LUNDERY
August 10, 2000
With out BP-10
Copies Attached to
answers

```
DOUGLAS HENRY THORNTON, 37461-118
ALLENWOOD USP    UNT: I    QTR: Z03-213UAD
P.O. BOX 3500
WHITE DEER,  PA 17887
```