UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DOUGLAS HENRY THORNTON :
    Plaintiff :
:
v. : CIVIL NO. 1:CV-00-1590
:
: (JUDGE KANE)
ASSOCIATE WARDEN LINDSEY, et al.,:
    Defendants :

ORDER

**BACKGROUND**

    Douglas Henry Thornton, an inmate presently confined in the Allenwood United States Penitentiary, White Deer, Pennsylvania, (USP-Allenwood), filed the captioned <u>Bivens</u>[1]-type civil rights complaint pursuant to 28 U.S.C. § 1331. He complains of incidents which occurred while he was housed at USP-Lewisburg. Along with his complaint, plaintiff submitted an application requesting leave to proceed <u>in forma pauperis</u> under 28 U.S.C. § 1915. For the reasons outlined below, the complaint will be dismissed without prejudice, pursuant to 42 U.S.C. § 1997e(a).

---

1. <u>See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). <u>Bivens</u> stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." <u>Butz v. Economou</u>, 438 U.S. 478, 504 (1978).

Named as defendants are the following USP-Lewisburg officials: Associate Warden Lindsey; SIS Lieutenant J. Morin; Disciplinary Hearing Officer Emory and unknown officers. Plaintiff complains specifically of two separate incident reports he received on April 14, 2000, while housed at USP-Lewisburg. (Doc. No. 1, complaint and copies of incident reports and appeals attached as exhibits).

First, Thornton claims that defendant Morin filed "two fabricated incident reports on [him] dated 4/14/2000, # 772556 and rewrite of same incident report, 7/12/2000, # 797330", concluding that on March 1, 2000, inmates Gregory Taylor and Douglas Thornton were involved in a fight in the Mechanical Services Area. As a result of this incident, Thornton alleges that he was falsely confined in disciplinary segregation as a result of these fabricated reports as well as "lost good time credit, etc". Id.

The second incident report received by Thornton on April 14, 2000, charges plaintiff with "conduct which disrupts, most like Assault". Id. Specifically, the incident reports states that:

> At approximately 1:30 pm, on 4/14/00, an SIS investigation concluded that on March 3, 2000, at approximately 6:45 am, Associate Warden Lindsey was attempting to gain control of inmate Douglas Thornton during a fight in the dining hall. While inmate Thornton was pinned to the ground by Mr.

2

> Lindsey, inmate Thornton continued to struggle even after numerous staff attempted to control the situation. During the struggle, Mr. Lindsey felt a shooting pain in his left index finger. This injury was the direct result of inmate Thornton struggling with staff. Upon reporting to the Urgent Care Room after the fight, Mr. Lindsey was examined and an x-ray of his left finger was taken. Subsequently, Mr. Lindsey was treated for a broken left finger.

(Doc. No. 1, copy of incident report # 773788).

Thornton claims, however, that the "video surveillance camera in the inmate dining room on the date of March 3, 2000, will show that [he] did not assault Associate Warden Lindsey" and that it will show that "[plaintiff] was the one assaulted in the inmate dining room". (Doc. No. 1, complaint).

Finally, plaintiff alleges that on March 3, 2000, he "was assaulted by unknown officers while [he] was hand and feet cuffed to a bed in the special housing unit at USP-Lewisburg". He claims that he was "hit many times in the back of the head and other parts of [his] body". Id.

For relief, plaintiff seeks damages as well as to have the incident report expunged from his file, his good time credit restored and that "the defendants not destroy or distort any of the evidence". Id.

**Discussion**

3

With respect to the applicability of administrative remedies, 42 U.S.C. § 1997e(a) reads as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This provision makes no distinction between an action for damages, injunctive relief, or both. Thus, prisoners are required to exhaust available administrative remedies prior to initiating a prison conditions case brought pursuant to 42 U.S.C. § 1331 or any other federal law.

Our Court of Appeals for the Third Circuit has identified the various policies underlying the exhaustion requirement:

> First, adherence to the doctrine shows appropriate deference to Congress' decision, embodied in statute, that an independent administrative tribunal, and not the courts, should serve as the initial forum for dispute resolution.
>
> Second, the exhaustion doctrine illustrates respect for administrative autonomy by forbidding

4

> unnecessary judicial interruption of the administrative process. This autonomy allows the administrative tribunal to exercise its own discretion, apply its own special expertise, and correct its own errors, thereby promoting administrative responsibility and efficiency and minimizing the frequent and deliberate flouting of administrative processes which could weaken the tribunal's effectiveness.
>
> Third, the exhaustion requirement fosters judicial economy both by permitting the administrative tribunal to vindicate a complaining party's rights in the course of its proceedings, thereby obviating judicial intervention, and by encouraging the tribunal to make findings of fact on which courts can later rely in their decisionmaking.

Lyons v. United States Marshals, 840 F.2d 202, 204-05 (3d Cir. 1988) (quoting Republic Indus., Inc. v. Central Pa. Teamsters Pension Fund, 693 F.2d 290, 293 (3d Cir. 1982)).

The Bureau of Prisons (BOP) has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1996). First, "an inmate shall . . . present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." Id. § 542.13(a). Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request, on the appropriate form (BP-9),

5

[within] 20 calendar days following the date on which the basis for the Request occurred." Id. § 542.14(a). The warden has twenty (20) days in which to respond. Id. § 542.18.

If an inmate is not satisfied with the warden's response, it may be appealed (on the appropriate form) to the Regional Director within twenty (20) calendar days from the date of the warden's response. Id. § 542.15. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to the General Counsel within thirty (30) calendar days from the date of the Regional Director's response. Id. The Regional Director has thirty (30) days and the General Counsel forty (40) days to respond. Id. § 542.18.

With respect to the issue of administrative exhaustion, Thornton submits as exhibits to his complaint, copies of the institutional grievances he has filed with respect to his instant claims.

With respect to Incident Report # 772556, charging plaintiff with fighting, on May 22, 2000, Thornton filed an appeal to the Regional Director. (Doc. No. 1, copy of Regional Administrative Remedy Appeal). On July 6, 2000, the Regional Director, finding that plaintiff may have not had adequate notice of the charges,

6

remanded the disciplinary action to be rewritten and reheard. (Doc. No. 1, copy of Regional Director Response). On July 12, 2000, Incident Report #772556, now #797330, was rewritten. Plaintiff received a rehearing on July 18, 2000 and was sanctioned as stated in the original report to thirty days disciplinary segregation, loss of good time, loss of privileges and a transfer. (Doc. No. 1, copy of Incident Report # 797330).

On July 13, 2000, plaintiff filed an appeal of the Regional Director's decision to remand his case back to the institution for a rehearing. (Doc. No. 1, copy of appeal). In a response dated July 26, 2000, the National Inmate Appeals Administrator concurred with the Regional Director's decision to remand Incident Report #772556 back to the institution for a rehearing. The Administrator advised Thornton that since his rehearing had been conducted on July 18, 2000, his remedy now would be to appeal the rehearing decision through the submission of a Regional Administrative Remedy Appeal (BP-10) to the Regional Director. (Doc. No. 1, copy of Administrative Remedy Response dated July 26, 2000). There is no indication that plaintiff filed an appeal of the rehearing. Thus, he has failed to exhaust his administrative remedies with respect to Incident Report # 797330, before seeking federal review.

7

With respect to Incident Report # 773788, charging plaintiff with conduct which disrupts, most like assault, plaintiff received a discipline hearing on June 14, 2000. He was found guilty of the charge and sanctioned to sixty (60) days disciplinary segregation and one hundred-eighty (180) days loss of commissary, telephone and visiting privileges. (Doc. No. 1, copy of Discipline Hearing Officer Report). Although Thornton was advised of his right to appeal this action, there is no indication that he pursued such remedy with respect to Incident Report # 773788.

Finally, with respect to plaintiff's allegation that he was assaulted by unknown officers on March 3, 2000, while he was "hand and feet cuffed" to a bed in the special housing unit, plaintiff makes no indication that he attempted to resolve this issue informally with the staff or formally through a written Administrative Remedy Request. Thus, it is clear that Thornton has not completed the BOP's administrative grievance procedure.

Plaintiff's failure to comply with 42 U.S.C. § 1997e(a), as amended, warrants the dismissal of his complaint but without prejudice. See Pew v. Imschweiler, et al., Civil Action No. 96-0760 (M.D. Pa. September 12, 1996) (Kosik, J.); Johnson v. Gillis, et al., Civil Action No. 96-1569 (M.D. Pa. August 29, 1996) (Conaboy,

J.); <u>Lubawski v. Horn, et al.</u>, Civil Action No. 96-1371 (M.D. Pa. July 29, 1996) (Rambo, C.J.); <u>Smith v. Giza</u>, Civil Action No. 96-1167 (M.D. Pa. July 2, 1996) (Rambo, C.J.); <u>Brooks v. Superintendent Lunk of Div. 10, et al.</u>, No. 96C3221, 1996 WL 308268 (N.D. Ill. June 5, 1996).

Under the circumstances, this court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915 is designed to preserve. See <u>Roman v. Jeffes</u>, 904 F.2d 192, 195 n. 3 (3d Cir. 1990).

**NOW, THEREFORE, THIS** 21st **DAY OF JUNE, 2001, IT IS HEREBY ORDERED THAT:**

1. The motion to proceed <u>in forma pauperis</u> (Doc. 2) is construed as a motion to proceed without full prepayment of fees and costs and the motion is granted.

2. The complaint is dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e(a) for failing to exhaust administrative remedies.[2]

---

2. The dismissal of this action does not relieve Thornton of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order, issued September 1, 2000, is binding on the warden of USP-Allenwood and the warden of any
(continued...)

9

3. Plaintiff's motions filed subsequent to the filing of this action, (Doc. Nos. 6-10, 22) are dismissed as moot.

4. The Clerk of Court is directed to close this case.

5. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

*[signature]*

YVETTE KANE
United States District Judge

YK:dlb

---

(...continued)
correctional facility to which Thornton may be transferred.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

June 22, 2001

Re: 1:00-cv-01590   Thornton v. Lindsey

True and correct copies of the attached were mailed by the clerk to the following:

```
Douglas Henry. Thornton
USP-ALLENWOOD
Maximum Security Correct. Inst.
37461-118
P. O. Box 3500
White Deer, PA  17887
```

cc:
| | | | |
|---|---|---|---|
| Judge | (✓) | (✓) | Pro Se Law Clerk |
| Magistrate Judge | ( ) | ( ) | INS |
| U.S. Marshal | ( ) | ( ) | Jury Clerk |
| Probation | ( ) | | |
| U.S. Attorney | ( ) | | |
| Atty. for Deft. | ( ) | | |
| Defendant | ( ) | | |
| Warden | ( ) | | |
| Bureau of Prisons | ( ) | | |
| Ct Reporter | ( ) | | |
| Ctroom Deputy | ( ) | | |
| Orig-Security | (✓) | | |
| Federal Public Defender | ( ) | | |
| Summons Issued | ( ) | with N/C attached to complt. and served by: U.S. Marshal ( )   Pltf's Attorney ( ) | |
| Standard Order 93-5 | ( ) | | |
| Order to Show Cause | ( ) | with Petition attached & mailed certified mail to: US Atty Gen ( )   PA Atty Gen ( )   DA of County ( )   Respondents ( ) | |
| Bankruptcy Court | ( ) | | |
| Other _____ | ( ) | | |

MARY E. D'ANDREA, Clerk

DATE: 6-22-01                    BY: _____
                                     Deputy Clerk