TAM:SRC:mel:2003V00934

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS HENRY THORNTON, | : | |
| Plaintiff | : | No. 1:CV-00-1590 |
| | : | |
| v. | : | (Kane, J.) |
| | : | |
| MR. LINDSEY, Associate Warden, | : | |
| et al., | : | **Filed Electronically** |
| Defendants | : | |

## STATEMENT OF FACTS

**A.    The March 1, 2000 and March 3, 2000 Incidents.**

    1.    On March 3, 2000, at approximately 6:45 a.m., during the breakfast meal, staff observed Thornton and two other inmates engaged in a physical altercation.  Exh. 1 (Emory Decl.), p. 10 (DHO Report on Incident Report Number 772556).

    2.    Staff called for assistance and responding staff attempted to separate the three inmates.  While staff were attempting to separate and restrain the inmates, Thornton became combative by physically struggling and resisting staff who were attempting to restrain him.  It was necessary for staff to physically carry Thornton to the Special Housing Unit.  Id.

    3.    Thornton was placed in four-point hard restraints due to his combative behavior.  Id.

4. Thornton was seen by Health Services staff and treated for small cuts on his forehead, left hand and lower lip area. Id., p. 10.

5. Defendant Lindsay, then Associate Warden of Operations, responded to the assistance call for the fight in the dining hall and broke his left forefinger while attempting to restrain Thornton. Id. at 4-5 (DHO Report on Incident Report Number 773788). See also Exh. 2 (Lindsay Decl.), ¶¶ 3-5.

6. Subsequent investigation of this fight revealed that Thornton and one of the other inmates involved in the dining room incident, inmate Gregory Taylor, had a previous altercation on their job site on March 1, 2000, which had gone undetected by staff. Exh. 1, p. 5.

7. Because the institution was locked down soon thereafter for an unrelated incident, the breakfast meal on March 3, 2000, was the first opportunity that Thornton had to encounter this inmate since the work site altercation two days before. Id. at 10.

8. Thornton subsequently received a disciplinary incident report for Fighting (Code 201) for the work site altercation he was involved in on March 1, 2000. Id. at 8.

9. He also received an incident report for Conduct which Disrupts, Most Like Assault (Code 101), for continuing to fight

with staff in the dining hall on March 3, 2000, resulting in the injury to a staff member. Id. at 3.

10. Defendant Morin, then a Lieutenant assigned to the Special Investigative Agent's Office, authored the incident reports. See Exh. 3 (Morin Decl.), ¶¶ 3-4).

11. On May 9, 2000, Thornton had his DHO hearing on the Fighting charge and was found to have committed the prohibited act for which he was charged. See Exh. 4 (Cunningham Decl.), ¶ 4.

12. On June 14, 2000, Thornton had his DHO hearing on the Assault\Conduct which Disrupts charge and was found to have committed the prohibited act for which he was charged. See Exh. 1, pp. 3-7.

13. On May 22, 2000, Thornton appealed the May 9, 2000, DHO decision finding that he committed the prohibited act of Fighting. Among other complaints, Thornton claimed the incident report should be expunged because he was on strong medication at the time the incident report was delivered and also claimed he did not receive a detention order when he was placed in the Special Housing Unit. Exh. 4, p. 3 (Regional Director's Response).

14. The Northeast Regional Office partially granted Thornton's appeal to the extent the disciplinary action was

3

remanded back to USP Lewisburg for the incident report to be re-written and a DHO re-hearing.  Id.

15. Ordering a rewrite of the incident report and/or a rehearing is an option provided for at 28 C.F.R. § 541.19.

16. Thornton appealed the Regional Director's decision to give him a rehearing to the Central Office (although it is not clear why he appealed as he already had been granted a rehearing).  Id., p. 4 (Central Office Response).

17. The Central Office concurred with the Regional Office's decision to allow a rehearing of the Fighting charge.  Id.

18. On July 12, 2000, Lt. Morin completed the re-write of the incident report charging Thornton with Fighting (Code 201), for the March 1, 2000, incident.  Exh. 1, p. 8.

19. The DHO rehearing of the Fighting charge occurred on July 18, 2000.  Id.

20. The DHO found Thornton had committed the prohibited act for which he was charged.  Id., pp. 8-12.

**B.  Exhaustion of Administrative Remedies.**

21. The Bureau of Prisons has a three level administrative remedy process which is a method by which an inmate may seek formal review of a complaint related to any aspect of his confinement if less formal procedures have not resolved the problem.  The procedure is codified at 28 C.F.R.§ 542.10, et seq.

22. This process involves the filing of a request for administrative relief (BP-9) to the Warden of the institution where the inmate is confined. In the event the inmate is dissatisfied with the Warden's response, he may file an appeal (BP-10) to the Regional Director. The final step in the administrative remedy process is an appeal to the General Counsel (BP-11). See 28 C.F.R. Part 542, subpart B.

23. A decision by the Bureau of Prisons is not final, and hence, not reviewable until relief has been denied by the General Counsel's Office. 28 C.F.R. § 542.15; Exh. 4 (Cunningham Decl.), ¶ 2.

24. Appeals of DHO actions are one of the few exceptions to the Bureau's administrative remedy process, which are filed directly to the Regional Counsel's Office, and thus, not reviewed at the institution level. Id.

25. A review of Thornton's administrative remedy log reveals that he appealed the May 9, 2000, DHO hearing conducted for Fighting. Id., ¶ 6.

26. The Northeast Regional Office granted his appeal to the extent he was provided with a rewrite and rehearing of the incident report for the March 1, 2000, Fighting charge.

27. Thornton properly filed a further appeal of this situation with the Central Office, even though his Regional level request had been properly granted. Id.

28. In the Central Office's response, the Regional decision to offer the inmate a rehearing was upheld. The Central Office's response clearly informed Thornton that if he wished to appeal the July 18, 2000, rehearing, he must "reinstate any contentions you have through the submission of a Regional Administrative Remedy Appeal (BP-10) to the Regional Director." Exh. 4, p. 4.

29. Thornton failed to file any new appeal of the July 18, 2000, DHO rehearing on the Fighting charge. Exh. 1, ¶ 5.

30. Thornton did file a Regional Office level appeal on the June 14, 2000, DHO hearing on the Assault/Conduct which Disrupts charge, arising out of the dining room incident. Id., ¶ 6.

31. The request for remedy was denied by the Regional Office on July 7, 2000. Thornton failed to appeal that denial to the Central Office. Id.

32. He therefore failed to exhaust his available administrative remedies on both the Fighting and Assault/Conduct with Disrupts incident reports, or any other specific allegations against DHO Emory. Id.

33. Thornton failed to file _any_ requests for administrative remedy regarding Lt. Morin fabricating incident reports, Associate Warden Lindsay and his injured finger, or any

allegations regarding being assaulted in the Special Housing Unit. <u>Id.</u>, ¶ 7.

                                        Respectfully submitted,

                                        THOMAS A. MARINO
                                        United States Attorney

                                        <u>s/ Stephen R. Cerutti</u>
                                        STEPHEN R. CERUTTI
                                        Assistant U.S. Attorney
                                        Atty. I.D. No. 90744
                                        MICHELE E. LINCALIS
                                        Paralegal Specialist
                                        316 Federal Building
                                        240 West Third Street
                                        Williamsport, PA 17701
                                        Phone: 717-221-4482
                                        Fax: 717-221-2246

Dated:  December 16, 2003

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DOUGLAS HENRY THORNTON,** | : | |
| Plaintiff | : | No. 1:CV-00-1590 |
| | : | |
| v. | : | (Kane, J.) |
| | : | |
| **MR. LINDSEY, Associate Warden,** | : | |
| **et al.,** | : | **Filed Electronically** |
| Defendants | : | |

CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on December 16, 2003, she served a copy of the attached

**STATEMENT OF FACTS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Douglas Henry Thornton
1014 David Hill Avenue
Baltimore, MD  21213

                                              s/ Michele E. Lincalis
                                              MICHELE E. LINCALIS
                                              Paralegal Specialist