UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| DOUGLAST THORNTON : | |
| Plaintiff : | |
| : | |
| v. : | CIVIL NO. 1:CV-00-1590 |
| : | |
| : | (JUDGE KANE) |
| ASSOCIATE WARDEN LINDSEY, et al., : | |
| Defendants : | |

**ORDER**

This pro se Bivens[1]-type civil rights action was filed by Douglas Thornton while an inmate at the United States Penitentiary at Allenwood, Pennsylvania.[2] Thornton claims that while he was an inmate at the United States Penitentiary at Lewisburg, Pennsylvania, he was assaulted, that he improperly received misconduct reports, and he has lost good time credits as a result. The Defendants are the following Lewisburg officials: Associate Warden Lindsey; SIS Lieutenant J. Morin; Disciplinary Hearing Officer Emory; and unknown officers. Thornton seeks expungement of the misconducts, restoration of good time credits, monetary damages and other miscellaneous relief. (Doc. 1, p. 3).

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

[2] Thornton has been released, and is currently living in Baltimore, Maryland.

1

Defendants filed a motion to dismiss or for summary judgment (Doc. 52) on December 2, 2003. A brief in support of the motion (Doc. 53) and statement of facts (Doc. 54) were timely submitted. Although Plaintiff's brief in opposition to the motion is now long overdue, he has neither made an appropriate filing nor requested an extension of time in which to do so.

A dispositive motion generally may not be granted merely because it is unopposed. Since Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure," Anchorage Assoc. v. Virgin Islands Board of Tax Review, 922 F.2d 168, 174 (3d Cir. 1990), the disposition of an unopposed motion ordinarily requires a merits analysis. The Court of Appeals for the Third Circuit has stated, however, that Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency "if a party fails to comply with the rule after a specific direction to comply from the court". Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

Local Rule 7.6 provides that if a party fails to file an opposing brief within fifteen (15) days after service of the movant's brief, the motion will be deemed unopposed. Based on his failure to take any action with respect to the Defendants' motion, it would appear that Plaintiff may have abandoned interest in pursuing this matter. However, the Court will grant additional time for the Plaintiff to respond to the Defendants' motion and direct him to file a brief in opposition within twenty (20) days.[3] If Thornton fails to respond accordingly, the motion may be deemed unopposed and granted without a merits analysis. If Plaintiff fails to oppose the motion or otherwise communicate with the Court within twenty (20) days of the date of this order, the Court may also

---

[3] By a standing practice order (Doc. 5), issued in this case on September 7, 2000, Plaintiff was specifically notified of the requirements of M.D. Pa. Local Rule 7.6, and a copy of the Rule was attached to the order.

2

consider dismissing this case for failure to prosecute and failure to comply with a court order under FED.R.Civ.P. 41(b).

AND NOW, THEREFORE, THIS 4th DAY OF FEBRUARY, 2004, IT IS HEREBY ORDERED THAT:

Plaintiff shall file a brief in opposition to Defendant's motion to dismiss or for summary judgment within twenty (20) days of the date of this order.  If Plaintiff fails to file the brief in opposition the Court will deem the motion unopposed under M.D.Pa. Local Rule 7.6, and dismiss the case without a merits analysis.  See M.D. Pa. Local Rule 7.6; FED.R.Civ.P. 41(b); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

                S/ Yvette Kane
                YVETTE KANE
                United States District Judge