UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOUGLAS THORNTON** : | |
| Plaintiff, : | CIVIL NO. 1:CV-00-1590 |
| : | |
| v. : | (JUDGE KANE) |
| : | |
| : | |
| **ASSOCIATE WARDEN LINDSEY, et al.**, : | |
| Defendants. : | |

**ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This pro se Bivens[1]-type civil rights action was filed by Douglas Thornton while an inmate at the United States Penitentiary at Allenwood, Pennsylvania.[2] Thornton claims that while he was an inmate at the United States Penitentiary at Lewisburg, Pennsylvania, he was assaulted, that he improperly received misconduct reports, and he has lost good time credits as a result. The Defendants are the following Lewisburg officials: Associate Warden Lindsey; SIS Lieutenant J. Morin; Disciplinary Hearing Officer Emory; and unknown officers. Thornton seeks expungement of the misconducts, restoration of good time credits, monetary damages and other miscellaneous relief. (Doc. 1, p. 3).

Defendants filed a motion to dismiss or for summary judgment (Doc. 52) on December 2,

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

[2] Thornton has been released, and is currently living in Baltimore, Maryland.

2003.  A brief in support of the motion (Doc. 53) and statement of facts (Doc. 54) were timely submitted.  Plaintiff filed no response, nor brief in opposition.  By Order dated February 4, 2004 (Doc. 55), this Court directed Plaintiff to file a brief in opposition to Defendant's motion to dismiss or for summary judgment within twenty (20) days.  The Order of February 4, 2004 forewarned Plaintiff that if he failed to file a brief within the required time period, the Court would consider dismissing Plaintiff's complaint under the authority of Rule 41(b) for failure to prosecute and failure to comply with a court order.

When a plaintiff fails to prosecute or comply with a court order, the Court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962).  In Link, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.  The power to invoke this sanction is necessary in order to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts.  The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law . . . .  It has been expressly recognized in Federal Rule of Civil Procedure 41(b) . . . .

Id. at 629-30.  In Stackhouse vs. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) the United States Court of Appeals for the Third Circuit held that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint.  However, the Court of Appeals did not vitiate the Supreme Court's decision in Link, Rule 41(b) of the Federal Rules of Civil Procedure, or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order.  Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed

> and subject to dismissal without a merits analysis.  There may be some
> cases where failure of a party to oppose a motion will indicate that the
> motion is in fact not opposed, particularly if the party is represented by
> an attorney and in that situation the rule may be appropriately invoked.
> <u>Nor do we suggest that if a party fails to comply with the rule after a
> specific direction to comply from the court, the rule cannot be invoked</u>.

<u>Id</u>. at 30 (emphasis added); <u>see</u> <u>also</u> <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992) ("<u>Poulis</u> did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . [N]ot all of the <u>Poulis</u> factors[3] need be satisfied in order to dismiss a complaint.  Instead, the decision must be made in the context of the district court's extended contact with the litigant.  Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].").

      Although the deadlines for filing an opposing brief have passed, Plaintiff has neither filed a brief in opposition to Defendants' motion nor has he requested an extension of time in which to do so.  Plaintiff was advised of the requirements of Local Rule 7.6 by both the standing practice order (Doc. 5) issued in this case on September 7, 2000, and the February 4, 2004 Order.  The Court finds that the dilatoriness of Plaintiff outweighs any of the other considerations set forth in <u>Poulis</u>.  The Court will, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, dismiss Plaintiff's complaint both for failure to prosecute and for failure to comply with a court order.

---

[3]The Court of Appeals in Poulis vs. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984) identified six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement.  The six factors are:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

ACCORDINGLY, **IT IS HEREBY ORDERED THAT**:

1. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Plaintiff's complaint is **DISMISSED** for failure to prosecute and failure to comply with a court order.

2. The Clerk of Court shall **CLOSE** this case.

3. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

                                                     Yvette Kane
                                                    YVETTE KANE
                                                    United States District Judge

Dated: March 22, 2004